## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

THOMAS HARDY,
      Plaintiff,

vs.

LAWRENCE COUNTY COURT OF
COMMON PLEAS, et al.,
      Defendants.

Case No. 1:15-cv-373
Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff Thomas Hardy, proceeding pro se, brings this action against defendants

Lawrence County Court of Common Pleas ("Court of Common Pleas"), Lawrence County

Commissioners ("County Commissioners"), Director, Lawrence CDJFS-Bureau of State

Hearings ("Director, CDJFS"), the Social Security Administration ("SSA"), and the Ohio

Department of Jobs and Family Services ("ODJFS"). The matter is before the Court on motions

to dismiss the complaint filed by defendants the United States[1] (Doc. 2) and ODJFS (Doc. 6),

which are unopposed.

## I. Procedural Background

On April 29, 2015, plaintiff filed a document captioned "Administrative Appeal" in the

Lawrence County, Ohio Court of Common Pleas. He named as defendants the same individuals

and entities named as defendants in this lawsuit, except that he included "Field Office Manager

Jeri Fields" of the SSA as a defendant instead of the agency. (Doc. 1, Exh. A). Plaintiff attached

an Administrative Appeal Decision (the "Decision") from the ODJFS Bureau of State Hearings

to the Administrative Appeal. (Doc. 1, ¶ 3; Exh. A). The Decision was in response to plaintiff's

request for a state hearing to appeal the denial of his request to apply for an "individual

---

[1] The United States filed the motion on behalf of the Social Security Administration, a federal agency.

development account."[2] (*Id.*). The hearing decision was affirmed on the grounds the Bureau of State Hearings had no jurisdiction over plaintiff's appeal and his hearing request was correctly denied. (Doc. 1, Exh. A). The Decision included a notice stating that an appellant who disagrees with the outcome may file an appeal to the Court of Common Pleas. (*Id.*).

On June 4, 2015, the SSA removed the action to this District Court pursuant to 28 U.S.C. § 1442 on the grounds plaintiff brings this action against an agency of the United States. (Doc. 1). Section 28 U.S.C. § 1442 provides for the removal of a civil action that is commenced in State Court against any agency of the United States. 28 U.S.C. § 1442(a)(1). The SSA stated in the Notice of Removal that although plaintiff's Administrative Appeal filed in the Court of Common Pleas was largely incoherent, it was properly construed as an appeal of the state agency's decision and as a request for judgment against the SSA. (Doc. 1, ¶ 3).

## II. Defendants' motions to dismiss the complaint should be granted.

### A. The United States' motion to dismiss

The United States moves to dismiss the complaint against it pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction on the ground plaintiff has not identified an applicable waiver of the government's sovereign immunity. (Doc. 2). The United States notes that plaintiff makes only one reference to the SSA in his state court filing, wherein he states: "An illegal credible offensive the Social Security Administration is already compensating me for." (*Id.* at 2). The United States argues that because plaintiff has not established its consent for the SSA to be sued in this matter, he cannot bring suit against it based on the vague and conclusory allegations set forth in the complaint. (*Id.* at 4).

---

[2] Under Ohio law, an "individual development account (IDA) is a trust created or organized in the United States to enable an eligible individual the opportunity to accumulate funds for purposes defined" under the rule. Ohio Admin. Code 5101:1-3-18. A county agency "may establish an IDA program for residents of the county" pursuant to specified provisions of the Ohio Revised Code. *Id.*

Subject matter jurisdiction is lacking in a lawsuit against the United States or an agency of the United States unless it consents to suit. *United States v. Testan*, 424 U.S. 392, 399 (1976); *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993). Absent an express waiver of sovereign immunity, the district court lacks jurisdiction over a claim against the United States. *Testan*, 424 U.S. at 399. "Jurisdiction over any suit against the [United States] Government requires a clear statement from the United States waiving sovereign immunity . . . together with a claim falling within the terms of the waiver." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (citations omitted)). A waiver of sovereign immunity cannot be implied but must be "unequivocally expressed." *Id*. (citations omitted). Under the derivative jurisdiction doctrine, if a state court did not have jurisdiction over an action that was removed to federal court pursuant to 28 U.S.C. § 1442, the federal court will not have jurisdiction over the matter. *Ohio ex rel. Griffin v. Smith*, No. 2:06cv1022, 2007 WL 1114252, at *1 (S.D. Ohio Apr. 12, 2007) (citing *Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.*, 258 U.S. 377, 382 (1922) ("The jurisdiction of the federal court on removal is, in a limited sense, derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none. . . .")); *Zeune v. Bender*, No. 2:12-cv-448, 2013 WL 1189856, at *2 (S.D. Ohio Mar. 22, 2013) (citations omitted).

The plaintiff has the burden to identify a waiver of sovereign immunity in order to proceed with a claim against the United States. *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000). If the plaintiff cannot identify a waiver, his claim must be dismissed for lack of jurisdiction. *Id*. (citing *Dalehite v. United States,* 346 U.S. 15, 30 (1953)). *See also Wojton v. U.S.*, 199 F. Supp.2d 722, 726 (S.D. Ohio 2002) (plaintiff has the burden under Fed. R. Civ. P. 8 to set forth the grounds for the Court's jurisdiction).

3

Here, plaintiff has not identified a waiver of the SSA's immunity from suit. Nor is a waiver of immunity apparent from plaintiff's filings. To the contrary, it is impossible to discern the basis of plaintiff's claim against the SSA based on his rambling and incomprehensive assertions in the Administrative Appeal. Accordingly, plaintiff's claim against the SSA should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

### 2. Defendant ODJFS' motion to dismiss

Defendant ODJFS moves to dismiss the complaint against it pursuant to Fed. R. Civ. P. 12(b)(6) on the ground the complaint fails to state a claim upon which relief can be granted. (Doc. 6). Defendant ODJFS contends that plaintiff's allegations in support of the "Administrative Appeal" filed in state court are unintelligible, defy comprehension, and do not state a plausible claim for relief.

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id*. (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 555, 570). The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). It is well-settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized that the Supreme Court's liberal construction case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Plaintiff's "Administrative Appeal," liberally construed, fails to satisfy basic pleading standards. Plaintiff's allegations are rambling, unintelligible and defy comprehension. It is impossible to discern the factual basis for plaintiff's claim against defendant ODJFS. The complaint against ODJFS should therefore be dismissed for failure to state a claim to relief.

### 3. The claims against the remaining defendants should be dismissed.

The remaining defendants - the Court of Common Pleas, the County Commissioners, and the Director, Lawrence CDJFS-Bureau of State Hearings (collectively, the "Lawrence County defendants") - have not moved to dismiss the complaint. Nonetheless, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to [Fed. R. Civ. P. 12(b)(1)] when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008) (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)). That is the situation presented here. Plaintiff's claims are not "arguably plausible." *See Apple*, 183 F.3d at 479. Plaintiff has not made intelligible and comprehensible allegations as to any of the Lawrence County defendants. There is no mention of any of these defendants in

the complaint.[3]  Therefore, the Court should *sua sponte* dismiss the complaint against the

Lawrence County defendants for lack of subject matter jurisdiction.

### IT IS THEREFORE RECOMMENDED THAT:

1.  The motions to dismiss filed by defendants the United States (Doc. 2) and the Ohio

Department of Jobs and Family Services (Doc. 6) be **GRANTED**.

2.  The complaint against defendants Lawrence County Court of Common Pleas, Lawrence

County Commissioners, and Director, Lawrence CDJFS-Bureau of State Hearings be

**DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

Date: 11/10/15

Karen L. Litkovitz
United States Magistrate Judge

---

[3] Plaintiff references "Lawrence County" once in the complaint, stating that he "demanded an investigation after high school, the brutal abuse.  The Clerk of courts at the Lawrence County Ohio Courthouse would not allow me to file a complaint, crippling me."  (Doc. 1, Exh. A at 2).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

THOMAS HARDY,                                             Case No. 1:15-cv-373
      Plaintiff,                                          Barrett, J.
                                                                      Litkovitz, M.J.

      vs.

LAWRENCE COUNTY COURT OF
COMMON PLEAS, et al.,
      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).